UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JOHN C. WILLIS,

    Plaintiff,

  v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

No. 3:13-cv-1713-HU

**OPINION AND ORDER**

HUBEL, Magistrate Judge:

    On September 26, 2014, the Court remanded this case to the Commissioner of the Social Security Administration ("Commissioner" or "SSA") for further administrative proceedings. (Dkt. 22.) Now before the Court is Plaintiff John Willis' ("Plaintiff") stipulated application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 23.)

    The EAJA requires an award of attorney's fees to the prevailing plaintiff in a social security case, "unless the court finds that the position of the United States was substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d). While

> the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. The decision to deny EAJA attorney's fees is within the discretion of the court. A social security claimant is the

> 'prevailing party' following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award.

*Frazier v. Colvin*, No. 3:13–cv–00673–SI, 2014 WL 1571890, at *1 (D. Or. Apr. 17, 2014) (internal citations omitted).

Plaintiff seeks an award of attorney's fees in the amount of $3,734.49 based on 19.70 hours of work (e.g., 2.80 hours multiplied by the 2013 applicable statutory maximum hourly rate of $187.02, plus 16.90 hours multiplied by the 2014 applicable statutory maximum hourly rate of $189.99). The Commissioner stipulates to the reasonableness of the requested fees. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA application is proper and the amount requested is reasonable.

Therefore, Plaintiff's application (Dkt. 23) for attorney's fees is GRANTED. Plaintiff is awarded $3,734.49 in attorney's fees under 28 U.S.C. § 2412. As discussed in *Astrue v. Ratliff*, 560 U.S. 586, 593-94 (2010), EAJA fees are subject to any offsets allowed under the Treasury Offset Program. Because Plaintiff has filed with the Court an assignment of EAJA fees to his counsel, the Commissioner shall cause the payment of fees, after any applicable offsets, to be made directly to Plaintiff's counsel.

IT IS SO ORDERED

Dated this  31st  day of December, 2014.

/s/ Dennis J. Hubel
_____
Dennis J. Hubel
United States Magistrate Judge

Page 2 - OPINION AND ORDER